KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
Post Office Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Fax (307) 635-0585
Email: bnkrpcyrep@aol.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | |
| JOHN CAMPBELL McTIERNAN, JR., ) | Case No.  13-20987 |
| ) | |
| ) | Chapter 11 |
| Debtor. ) | |

### REQUEST FOR AN ORDER DEFINING THE ALLOWED USE BY THE DEBTOR IN POSSESSION OF A POWER OF ATTORNEY

COMES NOW the Debtor above named by counsel, Ken McCartney of The Law Offices of Ken McCartney, P.C. and he requests this Court's order defining the extent the Debtor may operate as Debtor in Possession through a duly authorized Power of Attorney. The Debtor's request is that the Court allow the Debtor use of the Power of Attorney for all lawful matters addressed by the Debtor in person.  It is anticipated this broad request will be opposed by the Office of the United States Trustee.  In support thereof be advised as follows:

1.    On October 18th, 2013, this case was commenced prior to a 10:00 am foreclosure sale of the Debtor's ranch near Ranchester, Wyoming.  The petition and accompanying schedules were signed by the Debtor's wife who holds a general durable Power of Attorney signed in front of a Notary Public by the Debtor.  All signature lines were clearly marked as having been endorsed accordingly.

    2. Counsel conferred with the Debtor, John C. McTiernan Jr., over the telephone October 17, 2013. Mr. McTiernan, was unable to meet with counsel in person as he is currently incarcerated in the Federal Penitentiary in Yankton, South Dakota, where he is serving a one year sentence for crimes which included making a false statement to the Federal Bureau of Investigation. Prisoners' calls are discouraged and limited. Legal counsel, once approved by the prison officials as legitimate, are extended the privilege of calls through a strictly controlled process involving 24 hour advanced notice and by appointment only.

    3. In the phone call with counsel described in paragraph 2 above, Mr. McTiernan expressed the highest confidence in his wife and her ability to take whatever steps necessary to save the ranch. He expressed high confidence in her ability to manage his financial affairs in his absence and referenced her Masters Degree in Business Administration while describing her as a real asset in his business affairs. At the time, negotiations were still ongoing with the bank for a continuance of the sale date and, soon to be Debtor's counsel, thought the chances pretty good that a settlement could occur. John McTiernan's exact words were "be fully prepared to use Chapter 11 if that settlement does not occur."

    4. Counsel reviewed the written durable general Power of Attorney, a copy of which is attached hereto, and finds it to be a straight forward grant of unrestricted power to conduct business.

    5. A copy of the document was provided to the Office of the U.S. Trustee within a couple days of the petition filing, along with an explanation of the reasons for Mr.

McTiernan's inability to sign documentation promptly enough to accomplish a timely filing. Debtor's counsel was retained on Tuesday of the week the Friday filing occurred.

      6. Counsel's review of the Power of Attorney law on bankruptcy filing finds it an issue visited by many courts, but perhaps not the 10th circuit. There seems to be a preference for specific language as to litigation and even the words "without limitation" and "bankruptcy" in the same sentence. A revised form with those inclusions is making its way through the mail at this time.

      7. The Debtor is not unavailable to sign documents. It just takes a while to go through the formalities to do that. Mr. McTiernan, in the phone call, left the clear impression that he would prefer his wife deal with this case on his behalf as she is better able to do so than he is from where he is. His spouse is in a better position to consult with counsel, review documents in the presence of personal advice, and do something if something needs to be done. As such, he left the clear impression that he would prefer business be conducted as it has been so far.

      8. Mr. McTiernan's release date, without help from the pending appeal is midsummer 2014, which means he will be able to personally attend many of the proceedings involved with confirmation of the intended Chapter 11 Plan.

      9. Gail Sistrunk is ready, willing, and able to assist her husband through the process of Chapter 11. She is able to communicate in an unlimited fashion, meet with counsel and others, and has access to extensive records necessarily consulted preparing the schedules which accompany a petition under Title 11. She is able to swear to the truthfulness of information provided and is quite concerned that Mr. McTiernan would be

at a significant disadvantage if he were called on to sign off on the accuracy of records that his circumstance does not let him review.

10. The conduct of business from prison is discouraged. Business is certainly not as usual. The retention of papers and files is discouraged. It would be awkward to have to travel to South Dakota and conduct attorney client business such as it occurs in Chapter 11, in a meeting room without modern communication and document production equipment.

11. Here we have a Debtor fully aware of his handicapped situation with a willing, educated spouse, who the Debtor has full faith and confidence in to take care of what needs to be done. She has unfettered access to the Debtor's books and records. She is, in fact, the family member primarily in charge of the family's finances in normal times and exclusively in charge during the period of Mr. McTiernan's incarceration.

WHEREFORE counsel for the Debtor requests the Court enter its Order describing the extent and limitations of what can and cannot be done on behalf of the Debtor by his duly authorized General Attorney in Fact, and proposes the broad form Order submitted herewith.

DONE this 14th day of November, 2013.

Respectfully submitted for the Debtor by:

/s/ Ken McCartney
KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Fax (307) 635-0585
Email: bnkrpcyrep@aol.com