KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
Post Office Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Fax (307) 635-0585
Email: bnkrpcyrep@aol.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF WYOMING

In re:                                              )
                                                    )
JOHN CAMPBELL McTIERNAN, JR.    )        Case No.  13-20987
                                                    )
                                                    )        Chapter 11
                        Debtor.            )
_____

**DEBTOR'S RESPONSE TO THE MOTION TO CONVERT CASE TO CHAPTER 7 AND NOTICE OF TIME TO OBJECT FILED ON BEHALF OF FIRST INTERSTATE BANK**
_____

COMES NOW the Debtor, above named by counsel, Ken McCartney of The Law Offices of Ken McCartney, P.C. and in response to the Motion to Convert filed on behalf of First Interstate Bank, responds as follows:

1. Debtor's counsel is not unfamiliar with such motions, but must point out that a coherent response to a rambling pleading filed in deference to the rules of civil procedure which require numbered allegations, is often quite difficult.

2. The motion before the court should be treated as thoroughly and completely challenged by the debtor and the movant held to the full extent of its burden of proof.  No part of the motion is conceded by the debtor.

3. The movant alleges control over nearly 90% of the debtor's claims, as a secured creditor, yet comes to this court not on a stay relief motion but rather a motion to

put the case into chapter 7 where it could linger quite a number of years while a chapter 7 trustee not *in situ,* attempts to liquidate esoteric real property in Sheridan County Wyoming.

    4. Section 1112( b) specifically includes a sub paragraph (2) which provides in pertinent part: * * * The court may **not** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds, and specifically identifies unusual circumstances establishing that converting or dismiss in the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—

    (A) there is a reasonable likelihoods that a plan will be confirmed with the time frames established by 1121( e) and 1129( e) of this title, or if such sections do not apply , with a reasonable period of time; and

    (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—

    (i) for which there exists a reasonable justification for the actor omission;

And

    (ii) that will be cured within a reasonable period of time fixed by the court. * * * [emphasis added].

    5. First of all this is not an §1121(e) case so the court must ask "what is a reasonable time in which to treat nearly seven million dollars in claims." AND just as importantly, is there any reason to believe a chapter 7 trustee could better serve the interests of the creditors and the estate*, i.e.* the debtor, both of which are requirements of 1112(b)(1).

    6. The allegations that the estate is diminishing are unfounded. Real property values are not diminishing in Sheridan County, Wyoming, in fact the opposite is true. No one ever expected the McTiernan residuals as they existed near the end of his incarceration, nearly ten years after his last movie project, to provide the basis of a chapter 11 reorganization. They will not be.

7. Much is made in the motion of the debtor having been incarcerated when the petition was filed. He is no longer subject to that limitation. He has attended a §341 meeting in person, has seen to it that every report required has been filed, and is now actively pursuing the where with all to reorganize.

8. The Debtor ranches cattle through an entity so to say "he" has no business activity is a bit of an overstatement on the movant's part. But no one at the First Interstate Bank loaned John McTiernan five point five million dollars because of his ranching expertise. The loan was made because John McTiernan makes movies and has made some really well received movies and enjoyed as recently as 2011, multimillion dollar annual income as a result.

9. What the debtor has done, and what is clearly an unusual circumstance is dived back into the movie business. The debtor will describe these unusual activities for the court and conservatively estimate the potential cash flow his current commitments and activity represent. The evidence will demonstrate that in the not too distant future, John McTiernan's personal income will exceed the requirements of the First Interstate Bank's monthly interest accrual by several times over. Thus giving him the ability to bring forth a chapter 11 plan with the staying power to sell or refinance the ranch at or near market value.

10. Negotiations have been nearly completed with Suthabee's office in Jackson Hole, Wyoming for the listing of ranch property at a price in the neighborhood of its $10,000,000 fair market value. The allegation that the debtor turned down an $8,000,000 offer for the property in June of 2013 might be technically correct, it was not an out right

turn down, but an unanswered counter offer that resulted in no agreement.  The debtor believes the bank to have an $8,600,000 professional appraisal that is now somewhat dated and is informed and believes the $10,500,000 value touted by recent realtors to be not inconsistent with the market, which is fairly strong for properties of this one's character.

    11.  While it may be true that the case is not developing fast enough for First Interstate Bank, bankruptcies seldom proceed a pace enjoyed by a creditor.  It is significant that First Interstate Bank is not appearing before the court seeking stay relief.  The logical conclusion to be reached from that is that the bank is acknowledging the adequacy of its protection by its collateral.  Given the rate at which chapter 7 trustees liquidate complex properties in this district, the movant's choice would indicate significant comfort with its position.

    12.  There have been some late filed reports and cash flow projections with the debtor incarcerated have not been to accurately met, but there have been no Orders of the Court not completely complied with, through a difficult power of attorney handicap, and no reason to believe that if the court sets deadlines as a result of this motion, the debtor will not be able to comply.  Most significantly, now that the debtor is getting back to the work that supported the ranch quite well before his incarceration, there is every reason to be optimistic about the debtor's chances of a complete reorganization.

Wherefore the debtor prays the motion be denied.

DONE this 7th day of May, 2014.

>Respectfully submitted
>For the Debtor by:
>
>/s/ Ken McCartney
>KEN McCARTNEY, Bar No. 5-1335
>The Law Offices of Ken McCartney, P.C.
>Post Office Box 1364
>Cheyenne, WY 82003
>Tel (307) 635-0555
>Fax (307) 635-0585
>Email: bnkrpcyrep@aol.com

## CERTIFICATE OF SERVICE

On this 7th day of May, 2014, the undersigned caused a true and correct copy of the Debtor's Response to the Motion to Convert filed by First Interstate Bank, to be served on the following, in the manner indicated below.

Daniel Morse
Assistant US Trustee			Via Electronic Notice Only

James Belcher				Via Electronic Notice Only
Crowley Fleck PLLP

>/s/ Ken McCartney
>KEN McCARTNEY, Bar No. 5-1335
>The Law Offices of Ken McCartney, P.C.
>P.O. Box 1364
>Cheyenne, WY 82003
>Tel (307) 635-0555
>Fax (307) 635-0585
>Email: bnkrpcyrep@aol.com