United States Bankruptcy Court
District of Wyoming

In re:  
John Campbell McTiernan, Jr.  
    Debtor

Case No. 13-20987-pjm  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 1089-2    User: cjdcrt    Page 1 of 1    Date Rcvd: May 20, 2014  
                  Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 22, 2014.  
db        +John Campbell McTiernan, Jr.,   P.O. Box 99,   Dayton, WY 82836-0099

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                     TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 22, 2014                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 20, 2014 at the address(es) listed below:

        Daniel J. Morse    on behalf of U.S. Trustee    US Trustee daniel.j.morse@usdoj.gov  
        Dennis M. Kirven    on behalf of Creditor    Donna Dubrow Productions dkirven@wyoming.com, vendla@kirvenlaw.com  
        James R. Belcher    on behalf of Creditor    First Interstate Bank jbelcher@crowleyfleck.com, jwacker@crowleyfleck.com  
        Ken McCartney    on behalf of Debtor John Campbell McTiernan, Jr. bnkrpcyrep@aol.com, lokmpc2008@msn.com;jillwah2008@msn.com  
        Lori A. McMullen    on behalf of Creditor    First Interstate Bank lmcmullen@crowleyfleck.com  
        Timothy M. Stubson    on behalf of Creditor    First Interstate Bank tstubson@crowleyfleck.com  
        US Trustee    USTPRegion19.cy.ecf@usdoj.gov

                                                                                                                        TOTAL: 7

FILED

2:45 pm, 5/20/14

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | |
| JOHN CAMPBELL MCTIERNAN, JR. ) | Case No.  13-20987 |
| ) | Chapter 11 |
| Debtor. ) | |

### ORDER ON DEBTOR'S RESPONSE TO THE FIRST INTERSTATE BANK'S REQUEST TO DEBTOR TO INSPECT REAL PROPERTY AND FIRST INTERSTATE BANK'S REPLY

This matter is before the court on the convoluted pleadings filed by the parties. The court's review of the record reflects that First Interstate Bank ("FIB") served a request to permit entry onto the Debtor's property pursuant to the Fed. R. Bankr. P. 7034(a)(2). This is a discovery request and the court does not find authority that requires this request to be filed with the court.

Debtor filed his "Response to the First Interstate Bank's Request to Debtor to Inspect Real Property." The court interprets this to be an objection to FIB's discovery request. FIB filed a reply to Debtor's objection. Debtor has also filed a motion requesting a scheduling order for the pending Motion to Convert filed by FIB.

The underlying Motion to Convert is the basis for FIB's discovery request. The Bankruptcy Code requires the court to commence the hearing on the motion "not later than 30 days after filing of the motion," unless for "compelling circumstances" the court is prevented from meeting the established time limits. FIB filed its Motion to Convert on April

21, 2014. Due to the court's calendar, the circumstances prevented the court from meeting the time limits established by the Bankruptcy Code. The matter is scheduled for an evidentiary hearing on June 4, 2014.

Upon a review of the record, the court now finds that there are compelling circumstances that continue to prevent the court from meeting the established deadlines of 11 U.S.C. 1112(a)(3). Particularly, the parties' pleadings reflect that the valuation of the estate's assets is a contested issue and a scheduling order is necessary to set deadlines for discovery and pre-trial matters. Therefore the court will enter a scheduling order by separate order regarding discovery deadlines.

DATED this 20th day of May, 2014.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Ken McCartney
James Belcher